Michael A. Condyles, VSB No. 27807
Jeremy S. Williams, VSB No. 77469
**KUTAK ROCK LLP**
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
(804) 644-1700
(804) 783-6192 (facsimile)
*Counsel for Harry Shaia, Jr., Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: MICHAEL O. MAZURSKY,

              Debtor.

Case No. 09-36145-KRH
Chapter 7

HARRY SHAIA, JR., TRUSTEE
FOR THE BANKRUPTCY ESTATE
OF MICHAEL O. MAZURSKY,

              Plaintiff,

v.

Adv. Pro. No. 11-03093

BEVERLY R. MAZURSKY,

              Defendant.

**TRUSTEE'S MOTION TO APPROVE COMPROMISE
WITH BEVERLY R. MAZURSKY**

Harry Shaia, Jr., Trustee for the Bankruptcy Estate of Michael O. Mazursky (the "Trustee"), by counsel, requests the entry of an order, substantially in the form of **Exhibit A** attached hereto, approving a compromise reached with Beverly R. Mazursky (collectively, "Morrison") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Trustee states the following in support of this motion:

**JURISDICTION**

1. On September 22, 2009 (the "Petition Date"), Michael O. Mazursky (the "Debtor") filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code.

4831-1164-2122.1

2.  The Trustee was appointed the Chapter 7 trustee for the Debtor.

3.  This is a core proceeding pursuant to 28 U.S.C. § 157.

4.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and personal jurisdiction over all parties pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5.  Immediately prior to the Petition Date, the Debtor was the sole member and shareholder of 4717 JDH LLC, d/b/a Bev's Ice Cream (the "Business"). On September 10, 2009, the Debtor sold his membership interest in the Business to his mother, Beverly Mazursky, for $23,250.00. In connection with the sale of the business, the Debtor and Beverly Mazursky executed a Promissory Note in the amount of $23,250.00, which required 48 monthly payments of $535.43 (the "Note"). Since the Petition Date, the Trustee has been collecting the amounts due under the Note. As of the date of this Motion, $12,687.17 remains due and owing under the Note.

6.  Based upon the Trustee's review of the financial affairs of the Debtor and the Business, the Trustee filed a complaint against Beverly Mazursky asserting a fraudulent transfer in connection with the Business (the "Complaint"). The Complaint seeks a recovery from Beverly Mazursky in the amount of $150,000.00.

7.  After numerous discussions between the Trustee and Beverly Mazursky and the review of additional information regarding the value of the Business, the parties have reached a settlement of their dispute. In exercising his business judgment, the Trustee has agreed to accept $12,000.00 to settle the Complaint, which amount shall be paid in addition to the $12,687.17 which remains due and owing under the Note. Beverly Mazursky and the Business shall execute

a new Promissory Note in the amount of $24,687.17, which Promissory Note shall require monthly payments of $550.00 for the months of October through April and monthly payments of $1,000.00 for the months of May through September (the "New Note"). The obligations shall accrue interest at the rate of 5 percent annually. A copy of the New Note is attached hereto as **Exhibit B**.

8.  The Trustee conducted a cost-benefit analysis of pursuing the Complaint and has concluded that the compromise is reasonable and serves the best interest of the estate.

## ARGUMENT

9.  "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (1) the probability of success in litigation; (2) the potential difficulties, if any, in collection; (3) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (4) the paramount interest of the creditors. *Id.* These factors help the Court to determine whether the Court should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

4831-1164-2122.1                                                3

10. Although the Trustee has confidence in the allegations contained in the Complaint and believes that litigation would not be overly complex, there still exists a possibility that the Trustee would not be successful in obtaining a judgment against Beverly Mazursky. Even if the Trustee were to obtain a judgment, collection on the judgment could prove difficult and would potentially result in no net benefit for the estate.

11. It makes sense to approve the compromise in light of the uncertainty as to obtaining a judgment and the costs, expenses and time that may be expended to obtain judgment. This factor heavily favors approval of the compromise.

12. Collection of any judgment against Beverly Mazursky is also uncertain. The Trustee could potentially exert a great deal of resources in pursuing collection, which efforts could result in a minimal recovery and no net benefit to the estate.

13. In addition, the payments to the estate represent a reasonable settlement with Beverly Mazursky. The settlement will provide a certain recovery with minimal delay, and avoid the potentially large administrative expenses of litigation and collection. This factor also favors approval of the settlement.

14. Given the uncertainty as to obtaining a judgment, the uncertainty as to the probability of recovery and the certainty of funds for the estate that the proposed settlement provides, the settlement is fair, equitable and in the best interests of the estate.

**WHEREFORE**, the Trustee requests the Court to approve the compromise and to award any further relief the Court deems proper.

                                        HARRY SHAIA, JR., TRUSTEE
                                      FOR THE BANKRUPTCY ESTATE OF
                                      MICHAEL O. MAZURSKY

                                      By  /s/ Jeremy S. Williams
                                                Counsel

**KUTAK ROCK LLP**
Michael A. Condyles, VSB No. 27807
Jeremy S. Williams, VSB No. 77469
1111 East Main Street, Suite 800
Richmond, VA 23219-3103
(804) 644-1700
  *Counsel for Harry Shaia, Jr., Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2011, a copy of the foregoing document was served by CM/ECF on the following person:

Charles H. Krumbein, Esquire
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
Email: charlesh@krumbein.com


                                                          /s/ Jeremy S. Williams
                                                                  Counsel

4831-1164-2122.1                                5

# EXHIBIT A

4831-1164-2122.1

Michael A. Condyles, VSB No. 27807
Jeremy S. Williams, VSB No. 77469
**KUTAK ROCK LLP**
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
(804) 644-1700
(804) 783-6192 (facsimile)
*Counsel for Harry Shaia, Jr., Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: MICHAEL O. MAZURSKY,

              Debtor.

Case No. 09-36145-KRH
Chapter 7

HARRY SHAIA, JR., TRUSTEE
FOR THE BANKRUPTCY ESTATE
OF MICHAEL O. MAZURSKY,

              Plaintiff,

v.

Adv. Pro. No. 11-03093

BEVERLY R. MAZURSKY,

              Defendant.

## ORDER APPROVING COMPROMISE

THIS MATTER comes before the Court upon the *Trustee's Motion to Approve Compromise with Beverly R. Mazursky* (the "Motion") filed by Harry Shaia, Jr. (the "Trustee"), Trustee for the Bankruptcy Estate of Michael O. Mazursky (the "Debtor"), to approve a compromise pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Based on the review of the record, and the arguments of counsel, the Court makes the following findings and conclusions:

    1.    This proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

4831-1164-2122.1

2. This Court has subject matter jurisdiction over all necessary parties pursuant to 28 U.S.C. § 1334 and personal jurisdiction over all parties pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

3. Harry Shaia, Jr. is the Chapter 7 trustee for this bankruptcy case which was filed on September 22, 2009.

4. On March 3, 2011, the Trustee initiated an adversary proceeding against Beverly R. Mazursky (the "Defendant") seeking a judgment against the Defendant in the amount of $150,000.00 (the "Claim") as the result of an alleged fraudulent transfer to her of the Debtor's membership interest in 4717 JDH LLC (the "Business").

5. After analyzing carefully the legal and factual issues, and analyzing the costs, risks and benefits of continued litigation, the Trustee has entered into a compromise with the Defendant. The Defendant will pay the estate $12,000.00, which amount shall be paid in addition to the $12,687.17 which remains due and owing to the Trustee, in good funds pursuant to the terms of the Promissory Note attached hereto as **EXHIBIT I**.

6. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (1) the probability of success in litigation; (2) the potential difficulties, if any, in collection; (3) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (4) the paramount interest of the creditors. *Id.* These factors help the Court to determine whether the Court should approve the proposed compromise

as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

7. The Trustee has carefully examined the facts and has concluded that the funds to be received are reasonable in light of the value of the Business, the potential defenses available to the Defendant, the costs of litigation to effectuate recovery and uncertainty as to the final award on the Claim. The Court adopts and approves of the Trustee's conclusions.

8. The creditors of the estate will benefit by the approval of the compromise in that they will be provided a certain recovery without delay, and avoid the potentially large administrative expenses of litigation.

9. Notice of this Motion has been properly served on all parties in interest pursuant to Federal Rule of Bankruptcy Procedure 2002.

**AFTER DUE CONSIDERATION OF THE ABOVE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is hereby granted and the settlement referenced to therein is hereby approved and authorized.

2. The Trustee is authorized to take all necessary actions, including, without limitation, executing all necessary documents, to consummate the compromise.

3. The Clerk shall serve this Order on the parties listed on the Certificate of Service below.

ENTERED: _____      _____
UNITED STATES BANKRUPTCY COURT JUDGE

Order submitted by:

/s/ _____
**KUTAK ROCK LLP**
Michael A. Condyles  (VSB No. 27807)
Kimberly A. Pierro  (VSB No. 71362)
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
(804) 644-1700
 *Counsel for Harry Shaia, Jr., Trustee*


## CERTIFICATE OF SERVICE

I hereby certify that _____, a copy of the foregoing document was served by CM/ECF on the following person:

Charles H. Krumbein, Esquire
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
Email: charlesh@krumbein.com


                                                        /s/ Jeremy S. Williams_____
                                                                Counsel


4831-1164-2122.1                                       4

# EXHIBIT B

4831-1164-2122.1

# PROMISSORY NOTE

$24,687.17

September 7, 2011

Beverly R. Mazursky
5937 Brookmeade Terrace
Glen Allen, Virginia 23059

4717 JDH LLC
2911 W. Cary Street
Richmond, Virginia 23221
(Individually and collectively, "Borrower")

Harry Shaia, Jr., Trustee for the
Bankruptcy Estate of Michael O. Mazursky
(Hereinafter referred to as "Trustee")

## IMPORTANT NOTICE

**THIS NOTE CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A BORROWER AND ALLOWS THE TRUSTEE TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE.**

Borrower promises to pay to the order of the Trustee, in lawful money of the United States of America by mailing to the address specified hereinafter or wherever else the Trustee may specify, the sum of Twenty-Four Thousand, Six Hundred Eighty-Seven and 17/100 Dollars ($24,687.17), with interest on the unpaid principal balance at the rate and on the terms provided in this Promissory Note (including all renewals, extensions or modifications hereof, this "Note").

**NATURE OF DEBT.** The obligations set forth herein represent the funds due to the Trustee pursuant to a settlement regarding the Beverly R. Mazursky's acquisition of 4717 JDH LLC from Michael O. Mazursky. No funds are being distributed in connection with this Promissory Note.

**INTEREST RATE.** Interest shall accrue on the unpaid principal balance of this Note from the date hereof at the rate of 5.0% ("Interest Rate").

**DEFAULT RATE.** In addition to all other rights contained in this Note, if a Default (as defined herein) occurs and as long as a Default continues, all outstanding Obligations between Borrower and the Trustee or its affiliates, shall bear interest at the Interest Rate plus 3% ("Default Rate"). The Default Rate shall also apply from demand until the Obligations or any judgment thereon is paid in full.

**INTEREST AND FEES COMPUTATION (ACTUAL/360).** Interest and fees, if any, shall be computed on the basis of a 360-day year for the actual number of days in the applicable period ("Actual/360 Computation"). The Actual/360 Computation determines the annual effective yield by taking the stated (nominal) rate for a year's period and then dividing said rate by 360 to determine the daily periodic rate to be applied for each day in the applicable period. Application of the Actual/360 Computation produces an annualized effective rate exceeding the nominal rate.

**PREPAYMENT ALLOWED.** This Note may be prepaid in whole or in part at any time. Any prepayment shall include accrued interest and all other sums then due under any of the Loan Documents (as defined below). No partial prepayment shall affect Borrower's obligation to make any payment of principal or interest due under this Note on the date specified below in the Repayment Terms paragraph of this Note until this Note has been paid in full.

4832-4776-0138.3

**REPAYMENT TERMS.** This Note shall be due and payable in consecutive monthly payments of principal and interest in the amount of $550.00 during the months of October through April and $1,000.00 during the months of May through September. Payments shall commence on October 1, 2011, and continue on the same day of each month thereafter until fully paid, with a final payment in the amount of $1,193.28 being due on September 1, 2014. In any event, all principal and accrued interest shall be due and payable on September 1, 2014.

**APPLICATION OF PAYMENTS.** Monies received by the Trustee from any source for application toward payment of the Obligations shall be applied to accrued interest and then to principal. If a Default occurs, monies may be applied to the Obligations in any manner or order deemed appropriate by the Trustee.

If any payment received by the Trustee under this Note or other Loan Documents is rescinded, avoided or for any reason returned by the Trustee because of any adverse claim or threatened action, the returned payment shall remain payable as an obligation of all persons liable under this Note or other Loan Documents as though such payment had not been made.

**DEFINITIONS. Loan Documents.** The term "Loan Documents", as used in this Note and the other Loan Documents, refers to all documents executed in connection with or related to the loan evidenced by this Note and any prior notes which evidence all or any portion of the loan evidenced by this Note, and any letters of credit issued pursuant to any loan agreement to which this Note is subject, any applications for such letters of credit and any other documents executed in connection therewith or related thereto, and may include, without limitation, a commitment letter that survives closing, a loan agreement, this Note, guaranty agreements, any renewals or modifications, whenever any of the foregoing are executed. **Obligations.** The term "Obligations", as used in this Note and the other Loan Documents, refers to any and all indebtedness and other obligations under this Note, all other obligations under any other Loan Document(s), between Borrower and the Trustee, or its affiliates, whenever executed. **Certain Other Terms.** All terms that are used but not otherwise defined in any of the Loan Documents shall have the definitions provided in the Uniform Commercial Code.

**LATE CHARGE.** If any payments are not timely made, Borrower shall also pay to the Trustee a late charge equal to 5% of each payment past due for 8 or more days. This late charge shall not apply to payments due at maturity or by acceleration hereof.

Acceptance by the Trustee of any late payment without an accompanying late charge shall not be deemed a waiver of the Trustee's right to collect such late charge or to collect a late charge for any subsequent late payment received.

**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Borrower shall pay all of the Trustee's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or the Trusteeruptcy proceeding.

**USURY.** If at any time the effective interest rate under this Note would, but for this paragraph, exceed the maximum lawful rate, the effective interest rate under this Note shall be the maximum lawful rate, and any amount received by the Trustee in excess of such rate shall be applied to principal and then to fees and expenses, or, if no such amounts are owing, returned to Borrower.

**DEFAULT.** If any of the following occurs, a default ("Default") under this Note shall exist: **Nonpayment; Nonperformance.** The failure of timely payment or performance of the Obligations or Default under this Note or any other Loan Documents. **False Warranty.** A warranty or representation made or deemed made in the Loan Documents or furnished the Trustee in connection with the loan evidenced by this Note proves materially false, or if of a continuing nature, becomes materially false. **Cessation; Bankruptcy.** The death of, appointment of a guardian for, dissolution of, termination of existence of, loss of good standing status by, appointment of a receiver for, assignment for the benefit of creditors of, or

4832-4776-0138.3

commencement of any the Trusteeruptcy or insolvency proceeding by or against Borrower, its Subsidiaries or Affiliates, if any, or any general partner of or the holder(s) of the majority ownership interests of Borrower, or any party to the Loan Documents. **Material Capital Structure or Business Alteration.** Without prior written consent of the Trustee, (i) a material alteration in the kind or type of Borrower's business or that of Borrower's Subsidiaries or Affiliates, if any; (ii) the sale of substantially all of the business or assets of Borrower, any of Borrower's Subsidiaries or Affiliates or any guarantor, or a material portion (10% or more) of such business or assets if such a sale is outside the ordinary course of business of Borrower, or any of Borrower's Subsidiaries or Affiliates or any guarantor, or more than 50% of the outstanding stock or voting power of or in any such entity in a single transaction or a series of transactions; (iii) the acquisition of substantially all of the business or assets or more than 50% of the outstanding stock or voting power of any other entity; or (iv) should any Borrower or any of Borrower's Subsidiaries or Affiliates or any guarantor enter into any merger or consolidation. **Material Adverse Change.** The Trustee determines in good faith, in its sole discretion, that the prospects for payment or performance of the Obligations are impaired or there has occurred a material adverse change in the business or prospects of Borrower, financial or otherwise.

**REMEDIES UPON DEFAULT.** If a Default occurs under this Note or any Loan Documents, the Trustee may at any time thereafter, take the following actions: **Acceleration Upon Default.** Accelerate the maturity of this Note and, at the Trustee's option, any or all other Obligations between Borrower and the Trustee, or its affiliates, whereupon this Note and the accelerated Obligations shall be immediately due and payable; provided, however, if the Default is based upon a bankruptcy or insolvency proceeding commenced by or against Borrower or any guarantor or endorser of this Note, all Obligations (other than Obligations under any swap agreement as referenced above) shall automatically and immediately be due and payable. **Cumulative.** Exercise any rights and remedies as provided under the Note and other Loan Documents, or as provided by law or equity.

**CONFESSION OF JUDGMENT.** Each Borrower hereby constitutes and appoints Harry Shaia, Jr., Michael A. Condyles, Jeremy S. Williams (any of the foregoing may act), as the true and lawful attorneys-in-fact for them, in any or all of their names, place and stead, and upon the occurrence of a Default in the payment of the Obligations due under this Note, at maturity, or upon acceleration, to confess judgment against them or any of them, in favor of the Trustee, before the Clerk of the Circuit Court for City of Richmond, Virginia, in accordance with 1950 Code of Virginia, Section 8.01-431 et seq., and any successor statute, for all amounts owed with respect to the Obligations under and pursuant to this Note including, without limitation, all costs of collection and attorneys' fees in an amount equal to 15% of the Obligations then outstanding (which shall be deemed reasonable attorneys' fees for the purposes of this paragraph), and court costs, hereby ratifying and confirming the acts of said attorney-in-fact as if done by themselves. Upon request of the Trustee, each Borrower will execute an amendment or other agreement substituting attorneys-in-fact appointed to act for each Borrower hereunder.

**WAIVERS AND AMENDMENTS.** No waivers, amendments or modifications of this Note and other Loan Documents shall be valid unless in writing and signed by the Trustee. No waiver by the Trustee of any Default shall operate as a waiver of any other Default or the same Default on a future occasion. Neither the failure nor any delay on the part of the Trustee in exercising any right, power, or remedy under this Note and other Loan Documents shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

Except to the extent otherwise provided by the Loan Documents or prohibited by law, each Borrower and each other person liable under this Note waives presentment, protest, notice of dishonor, demand for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, notice of sale and all other notices of any kind. Further, each agrees that the Trustee may (i) extend, modify or renew this Note or make a novation of the loan evidenced by this Note, and/or (ii) grant releases, compromises or indulgences with respect to any collateral securing this Note, or with respect to any Borrower or other person liable under this Note or any other Loan Documents, all without notice to or consent of each Borrower and other such person, and without affecting the liability of each Borrower and other such person; provided, the Trustee may not extend, modify or renew this Note or make a novation of the loan evidenced by this Note without the consent of the Borrower, or if there is more than one Borrower, without

the consent of at least one Borrower; and further provided, if there is more than one Borrower, the Trustee may not enter into a modification of this Note which increases the burdens of a Borrower without the consent of that Borrower.

**MISCELLANEOUS PROVISIONS. Assignment.** This Note and the other Loan Documents shall inure to the benefit of and be binding upon the parties and their respective heirs, legal representatives, successors and assigns. the Trustee's interests in and rights under this Note and the other Loan Documents are freely assignable, in whole or in part, by the Trustee. In addition, nothing in this Note or any of the other Loan Documents shall prohibit the Trustee from pledging or assigning this Note or any of the other Loan Documents or any interest therein to any Federal Reserve the Trustee. Borrower shall not assign its rights and interest hereunder without the prior written consent of the Trustee, and any attempt by Borrower to assign without the Trustee's prior written consent is null and void. Any assignment shall not release Borrower from the Obligations. **Organization; Powers.** Borrower represents that Borrower (i) is (a) an adult individual and is sui juris, or (b) a corporation, general partnership, limited partnership, limited liability company or other legal entity, duly organized, validly existing and in good standing under the laws of its state of organization, and is authorized to do business in each other jurisdiction wherein its ownership of property or conduct of business legally requires such organization (ii) has the power and authority to own its properties and assets and to carry on its business as now being conducted and as now contemplated; and (iii) has the power and authority to execute, deliver and perform, and by all necessary action has authorized the execution, delivery and performance of, all of its obligations under this Note and any other Loan Document to which it is a party. **Applicable Law; Conflict Between Documents.** This Note and, unless otherwise provided in any other Loan Document, the other Loan Documents shall be governed by and interpreted in accordance with federal law and, except as preempted by federal law, the laws of the state named in the Trustee's address on the first page hereof without regard to that state's conflict of laws principles. If the terms of this Note should conflict with the terms of any loan agreement or any commitment letter that survives closing, the terms of this Note shall control. **Jurisdiction.** Borrower irrevocably agrees to non-exclusive personal jurisdiction in the state named in the the Trustee's address on the first page hereof. **Severability.** If any provision of this Note or of the other Loan Documents shall be prohibited or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note or other such document. **Payments.** All payments shall be mailed to the Trustee at 8550 Mayland Drive, Richmond, Virginia 23294 or other such address as provided by the Trustee in writing. **Notices.** Any notices to Borrower shall be sufficiently given, if in writing and mailed or delivered to the Borrower's address shown above or such other address as provided hereunder, and to the Trustee, if in writing and mailed or delivered to 8550 Mayland Drive, Richmond, Virginia 23294 or such other address as the Trustee may specify in writing from time to time. In the event that Borrower changes Borrower's address at any time prior to the date the Obligations are paid in full, Borrower agrees to promptly give written notice of said change of address by registered or certified mail, return receipt requested, all charges prepaid. **Plural; Captions.** All references in the Loan Documents to Borrower, guarantor, person, document or other nouns of reference mean both the singular and plural form, as the case may be, and the term "person" shall mean any individual, person or entity. The captions contained in the Loan Documents are inserted for convenience only and shall not affect the meaning or interpretation of the Loan Documents. **Joint and Several Obligations.** If there is more than one Borrower, each is jointly and severally obligated together with all other parties obligated for the Obligations. **LIMITATION ON LIABILITY; WAIVER OF PUNITIVE DAMAGES.** EACH OF THE PARTIES HERETO, INCLUDING THE TRUSTEE BY ACCEPTANCE HEREOF, AGREES THAT IN ANY JUDICIAL, MEDIATION OR ARBITRATION PROCEEDING OR ANY CLAIM OR CONTROVERSY BETWEEN OR AMONG THEM THAT MAY ARISE OUT OF OR BE IN ANY WAY CONNECTED WITH THIS AGREEMENT, THE LOAN DOCUMENTS OR ANY OTHER AGREEMENT OR DOCUMENT BETWEEN OR AMONG THEM OR THE OBLIGATIONS EVIDENCED HEREBY OR RELATED HERETO, IN NO EVENT SHALL ANY PARTY HAVE A REMEDY OF, OR BE LIABLE TO THE OTHER FOR, (1) INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OR (2) PUNITIVE OR EXEMPLARY DAMAGES. EACH OF THE PARTIES HEREBY EXPRESSLY WAIVES ANY RIGHT OR CLAIM TO PUNITIVE OR EXEMPLARY DAMAGES THEY MAY HAVE OR WHICH MAY ARISE IN THE FUTURE IN CONNECTION WITH ANY SUCH PROCEEDING, CLAIM OR CONTROVERSY, WHETHER THE SAME IS RESOLVED BY ARBITRATION, MEDIATION, JUDICIALLY OR OTHERWISE. **Final Agreement.**

4832-4776-0138.3

This Note and the other Loan Documents represent the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent agreements of the parties. There are no unwritten agreements between the parties.

**WAIVER OF JURY TRIAL.** TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH BORROWER BY EXECUTION HEREOF AND THE TRUSTEE BY ACCEPTANCE HEREOF, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT EACH MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE, THE LOAN DOCUMENTS OR ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONNECTION WITH THIS NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY WITH RESPECT HERETO. THIS PROVISION IS A MATERIAL INDUCEMENT TO THE TRUSTEE TO ACCEPT THIS NOTE. EACH OF THE PARTIES AGREES THAT THE TERMS HEREOF SHALL SUPERSEDE AND REPLACE ANY PRIOR AGREEMENT RELATED TO ARBITRATION OF DISPUTES BETWEEN THE PARTIES CONTAINED IN ANY LOAN DOCUMENT OR ANY OTHER DOCUMENT OR AGREEMENT HERETOFORE EXECUTED IN CONNECTION WITH, RELATED TO OR BEING REPLACED, SUPPLEMENTED, EXTENDED OR MODIFIED BY, THIS NOTE.

**IN WITNESS WHEREOF**, Borrower, on the day and year first above written, has caused this Note to be duly executed under seal.

                                                                      _____(SEAL)
                                              Beverly R. Mazursky


4717 JDH LLC

                    By: _____(SEAL)
                          Beverly R. Mazursky, Member